# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 WAL 2016 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VICTORIA LIVINGSTONE, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

     **AND NOW**, this 3rd day of May, 2016, the Petition for Allowance of Appeal is **GRANTED**. The issue, as stated by Petitioner, is:

Did the Superior Court err when it affirmed the judgment of the trial court in holding that the interaction between Trooper Frantz and Petitioner was a mere encounter where Trooper Frantz approached the vehicle from a distance of approximately 100 yards with his emergency lights activated, pulled beside Petitioner, and immediately began questioning Petitioner on the scene[?]

Stated alternatively:

Where a Police Officer approaches a voluntarily stopped motorist with emergency lights activated, would a reasonable motorist feel that she was not free to leave prior to the approaching officer stopping to interact with her, or, simply passing her by?

The parties are directed to address the potential application of a community caretaking rationale in the present circumstances. *See, e.g., State v. Anderson*, 62 P.3d 1232, 1236 (Utah 2015). The presentations may include any relevant issue preservation

considerations, particularly in light of the Commonwealth's burden in a suppression

context. *See, e.g.*, *In re L.J.*, 79 A.3d 1073, 1086 (Pa. 2013).